UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EBBIE COLSTON, SR.,

        Plaintiff,

    v.

CYPRESS MEDIA LLC d/b/a Belleville
News-Democrat

        Defendant.

Case No. 18-cv-1724-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Cypress Media LLC's motion for

summary judgment on plaintiff Ebbie Colston, Sr.'s state law claim for defamation *per se* (Doc.

8) and Colston's motion for leave to amend the complaint (Doc. 13).

In this case, Colston complains that Cypress, doing business as the Belleville News

Democrat ("BND"), published a notice erroneously stating that he had been arrested by the

Highland Police Department on warrants for failure to appear in court on drug charges.  He had

not been arrested at all and had no outstanding warrants or drug charges against him.

## I.    Summary Judgment Motion

In its summary judgment motion, BND argues that the notice about Colston was a fair

and accurate statement of official information it had received from the Highland Police.  Since

the notice accurately reflected information it had received, BND argues it is protected by the

"fair report privilege" affirmative defense to a defamation claim under Illinois law.  The Illinois

Supreme Court has adopted the articulation of the privilege in the Second Restatement of Torts:

> "The publication of defamatory matter concerning another in a report of an
> official action or proceeding or of a meeting open to the public that deals with a
> matter of public concern is privileged if the report is accurate and complete or a
> fair abridgement of the occurrence reported."

*Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 842 (Ill. 2006) (quoting Restatement (Second) of Torts § 611 (1977)).  The privilege is based on "the interest of the public in having information made available to it as to what occurs in official proceedings and public meetings." Restatement (Second) of Torts § 611 cmt. a.  A defamatory statement is not actionable if it is covered by this privilege even if the publication of the defamatory statement was made with malice.  *Solaia Tech.*, 852 N.E.2d at 842-43.  There are two requirements for the privilege to apply:  "(1) the report must be of an official proceeding; and (2) the report must be complete and accurate or a fair abridgment of the official proceeding."  *Id.* at 843.

Colston did not respond in a timely manner to BND's summary judgment motion, so the Court ordered him to show cause why the Court should not construe his failure to timely respond as an admission of the merits of the motion pursuant to Local Rule 7.1(c) (Doc. 16).  Colston responded by filing a response to the summary judgment motion in which he expressly concedes the merits of the motion as to his claim for monetary damages (Doc. 17).  He notes, however, that he has asked the Court for leave to amend his complaint to allege a cause of action for declaratory relief.

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  Colston having conceded that there are no genuine disputes of material fact and that the fair report privilege protects BND's publication of the false notice of his arrest, the Court finds BND is entitled to summary judgment on the defamation *per se* claim pled in the complaint.  The Court now turns to Colston's motion for leave to amend that complaint.

## II.    Motion for Leave to Amend Complaint

Apparently understanding summary judgment will be granted for BND on his defamation *per se* claim pled in his complaint, Colston seeks leave of Court to file an amended complaint asserting a declaratory judgment action (Doc. 13).[1]  He seeks a declaration from the Court that the BND published a false news article about him.  In its response (Doc. 15), BND argues that the declaration Colston seeks would be an impermissible advisory opinion regarding no justiciable legal claim.  BND also notes that it has offered to publish a correction of the offending notice, attributing the mistaken information to the Highland Police and clarifying that Colston's son, Ebbie Colston, Jr., was the real person arrested.

Rule 15(a) governs amendments to pleadings.  A plaintiff may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement or to strike.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a plaintiff may amend his pleading only with the opposing party's written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires.  Fed. R. Civ. P. 15(a)(2).  Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities."  *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989).  Generally, the decision whether to grant a party leave to amend a pleading is a matter left to the discretion of the district court.  *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997).  A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies

---

[1] The Court has attached a copy of Colston's proposed amended complaint to this order in case it is needed for appellate review.

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile if it would not survive a motion to dismiss for failure to state a claim, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997), or a motion for summary judgment, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001).

The Court declines to allow Colston's amendment because it would not survive a motion to dismiss. The Declaratory Judgment Act ("the Act"), 28 U.S.C. § 2201, states, in pertinent part: "In a case of actual controversy within its jurisdiction. . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). However, a court may not use its discretion to issue a declaration under the Act where there is no "actual controversy" between the parties. *Id.* The Act's language "tracks the 'cases' or 'controversies' requirement of Article III, [and] saves the statute from unconstitutionally expanding the federal courts' jurisdiction." *Deveraux v. City of Chi.*, 14 F.3d 328, 330-31 (7th Cir. 1994) (internal quotations omitted).

It is often difficult to determine whether an actual controversy exists; the distinction between a "controversy" and an abstract question of law is one of degree. *Id.* (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Consequently, there is no precise test for determining if a complaint presents a controversy in the constitutional sense, and each

case must be considered on its own facts.  *Id.*  However, the Supreme Court has given guidance

as to when such a controversy exists:

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . .  It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).  The Court of Appeals for the

Seventh Circuit has noted:

> The Supreme Court recently has reminded us that "[t]he exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." *U.S. National Bank of Oregon v. Independent Insurance Agents*, 508 U.S. 439, [446 (1993)] (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).  The "case or controversy" requirement protects the principle of separation of powers and properly limits the role of the judiciary in a democratic society.  *Allen v. Wright*, 468 U.S. 737, 750 (1984).  In essence, the requirement keeps federal courts in the business of resolving existing legal disputes and out of the business of offering advice on the legality of a proposed course of action.  *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir.1988).

*Deveraux*, 14 F.3d at 330 (parallel citations omitted).

Colston's proposed amended complaint describes no "case of actual controversy" within

the Court's jurisdiction.  Instead of pleading a valid cause of action for which declaratory

judgment would be an available remedy, Colston seeks a freestanding declaration that BND

published a false notice about him.  To the extent this could be construed to be a defamation

action, BND has already established a defense to such an action in the fair report privilege.  The

proposed amended complaint hints at no other justiciable cause of action.

Furthermore, Colston and BND do not disagree that BND published a false notice, so any

actual dispute that may have existed is now moot.  A Court declaration of a fact to which both

parties already agree would be beyond the jurisdiction of the Court to decide cases or controversies.

For the foregoing reasons, amendment of Colston's complaint would be futile, so the Court will deny him leave to amend.

## III. Conclusion

For these reasons, the Court:

- **GRANTS** BND's motion for summary judgment (Doc. 8);

- **DENIES** Colston's motion for leave to amend (Doc. 13); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  December 27, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**